

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

TRAVIS L. BRENT, SR.,                    §
              Plaintiff,              §
                            §
vs.                                      §         Civil Action No. 3:18-02440-MGL
                            §
WERNER ENTERPRISES, INC.,                §
              Defendant.             §
                            §

---

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Travis L. Brent, Sr. (Brent) filed this employment discrimination action against

Defendant Werner Enterprises, Inc. (Werner), alleging racial discrimination. The matter is before

the Court for review of the Report and Recommendation (Report) of the United States Magistrate

Judge suggesting Werner's motion for summary judgment be granted. The Report was made in

accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct

the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on December 4, 2019. Brent filed his Objections to the Report (Objections) on December 18, 2019. Werner filed its Reply to the Objections on January 16, 2020. The Court has reviewed the Objections and holds them to be without merit. It will therefore enter judgment accordingly.

In the Report, the Magistrate Judge suggests the Court grant Werner's motion for summary judgment on the retaliation claim for a failure to exhaust administrative remedies. She further suggests summary judgment on Brent's hostile work environment claim on the basis the claim was barred by the statute of limitations. Finally, she recommends granting Werner's motion for summary judgment on the discrimination claim because Brent failed "to provide an iota of evidence showing that his alleged adverse employment action occurred under circumstances giving rise to an inference of race discrimination." Report at 12.

On his claim for retaliation, Brent objects to the recommendation of summary judgment on this cause of action, arguing it was a reasonable development of the investigation of the original complaint.

"[T]he scope of [a] civil [discrimination] action is confined . . . by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination" presented to the Equal Employment Opportunities Commission (EEOC). *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). This does not limit a civil suit to solely those asserted to the EEOC, but to any claim "reasonably related to" the allegations in an EEOC charge. *Id.*

Although Brent is correct his failure to check the retaliation box on his EEOC charge, EEOC Charge at 1, is not dispositive, it must be apparent from the particulars section of the EEOC

charge a retaliation charge was alleged. *See Miles*, 429 F.3d at 491-92 (holding the allegations presented in the EEOC charge were insufficient to preserve a retaliation claim, given the retaliation box was unchecked).

The allegations in Brent's EEOC charge are insufficient to reasonably expect an investigation into retaliation. Brent specifically states he was "removed from the account at the request of the client/owner." EEOC Charge at 1. This framing presents a business decision by Werner driven by client demands, rather than retaliation for an odious purpose. Accordingly, Brent failed to exhaust the administrative remedies on his retaliation claim. Therefore, the Court will overrule Brent's objections as to this claim.

On his claim for a hostile work environment, Brent objects alleging his EEOC charge was sufficient to exhaust administrative remedies. He also summarily states he "has further met his burden to show a continuing action." Objections at 3.

To meet the statute of limitations, an EEOC charge must be filed within 300 days of "the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). Allegations of continuing violations may be outside of the statute of limitations, "[p]rovided that an act contributing to the claim occurs within the filing period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). Brent filed his EEOC charge June 7, 2018, meaning at least one qualifying action contributing to the hostile work environment allegation must have occurred on or after August 11, 2017.

None of the discriminatory events cited by Brent in his Objections definitively meet this requirement. The closest is a vague allusion to "witnessing racism through the years of 2012-2018." This is insufficient evidence any particular event occurred after August 11, 2017. The remaining factual assertions in Brent's Objections also fail to specify actions occurring on or after

August 11, 2017. *See* Objections at 3 ("The plaintiff complained of discrimination to the owner of the company in a meeting in 2016."); Brent Deposition 236:11-13 (stating he was called "you guys" in 2012 to 2013); *id.* 240:21-25 (stating the comment describing someone as "black as oil" occurred at some point in 2017); *id.* 250:10 (stating a co-worker was referred to as a "black b****" in 2016); and *id.* (stating a supervisor referred to him as the n word in April 2017).

Even assuming Brent had exhausted his administrative remedies on a hostile work environment claim and alleged facts sufficient for such a claim, the statute of limitations would bar this claim. Accordingly, the Court will overrule Brent's objections as to this claim.

Finally, on his claim for discrimination, Brent objects based on his supervisors doing "nothing to help the account understand the events in order to maintain his position," combined with a pattern of racial prejudice, being sufficient for such a claim. Objections at 4.

To present a case for discrimination a plaintiff must demonstrate: 1) "he belongs to a protected class," 2) "he suffered an adverse employment action," 3) "at the time of the adverse action, he was performing his job at a level that met his employer's legitimate expectations," and 4) the adverse action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011).

Brent's objection to Werner's purported failure to defend his actions to The Home Depot (THD), fails to allege any improper discriminatory impetus behind the adverse action. Werner merely responded to THD's request—thus attempting to meet client demands—and worked with Brent to attempt to find a mutually agreeable different route for him to work. Additionally, the white counterpart in the fight on THD's property, which prompted THD to request Brent be removed from their account, was likewise removed from the account. These facts lead the Court to conclude no inference of unlawful discrimination is present. Accordingly, Brent fails to meet

the fourth element of a discrimination claim and the Court will overrule Brent's objection on this claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Brent's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Werner's motion for summary judgement is **GRANTED**.


**IT IS SO ORDERED.**

Signed this 20th day of February 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE